# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

No. 24-30202

_____

Lawrence Watson,

*Plaintiff—Appellant*,

*versus*

Christopher A. Wray, *Director, In his personal and official capacity*; Federal Bureau of Investigations; Michael Horowitz, *Inspector General Director, In his personal and official capacity*; Office of Inspector General, *Department of Justice*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-3228

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lawrence Watson, proceeding *pro se*, appeals the district court's judgment dismissing his case and denying his motion to amend his complaint. He brought claims against FBI Director Christopher Wray, in his individual and official capacity, Inspector General Michael Horowitz, in his individual

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and official capacity, the Federal Bureau of Investigation ("FBI"), and the Office of Inspector General ("OIG") (collectively, "Defendants"). The sixty-eight-page complaint is difficult to decipher, but his claims seemingly center around 28 U.S.C. § 1983[1] and the Federal Tort Claims Act ("FTCA"). He arguably also brings a claim under the Second Amendment.

Watson sued the Defendants seeking redress for their failure to investigate or prevent an alleged decades-long conspiracy by state actors of the Commonwealth of Massachusetts to deprive Watson of his constitutional rights. Watson alleges that the Massachusetts officials' conduct—dating from 1995 through 2011—toward him was motivated by his opposition to their, per Watson's complaint, "discriminatory practices against males who are engaged in domestic disputes with females, especially in the issuance of abuse prevention orders and in the determination [of] child custody and child support in probate courts of the Commonwealth."

On appeal, Watson challenges the district court's dismissal of his complaint and denial of his motion to amend his complaint. In the district court's well-reasoned opinion, it found, *inter alia*, that Watson's claims are time-barred. *Watson v. Wray*, 2:23-cv-3223-JCZ-JVM 6 n.4 (Mar. 27, 2024 E.D. La.). Watson began contacting the FBI in 2000 and the Department of Justice in 2007 about the alleged misconduct by the Massachusetts officials. He filed this lawsuit in 2023. His claims are clearly time-barred, and thus the district court properly held it lacked subject matter jurisdiction.[2] No amendment would cure this defect.

---

[1] Because a plaintiff cannot bring a Section 1983 suit against a federal official or a federal agency, the district court construed these claims instead under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] "'[T]here is no unyielding jurisdictional hierarchy' requiring federal courts to sequence one jurisdictional issue before the other.*" Gadlin v. Sybron Int'l Corp.*, 222 F.3d

No. 24-30202

Because Watson's appeal lacks an arguable basis in law upon which we can grant him relief, it is frivolous.  Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

_____

797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 578 (1999)). Here, the court lacks subject matter jurisdiction because Watson's claims are time-barred. Thus, we need not address any personal jurisdiction issues arising from the underlying events' tenuous connection with Louisiana.